UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY REED,

    Plaintiff,               CIVIL ACTION NO. 08-14380

vs.                             DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE DONALD A. SCHEER

BARBARA SAMPSON, et.al.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>:  Defendants' Motion for Summary Judgment should be granted as Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.  He must proceed by way of a writ of habeas corpus, and must first show that he has exhausted available state remedies.

                                                  *   *   *

Plaintiff, while a state prisoner at the Macomb Correctional Facility in New Haven, Michigan,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on October 15, 2008, against Barbara Sampson, the chairperson of the Michigan Parole Board, and eight other current and former members of the parole board.  Plaintiff is currently serving a mandatory non-parolable life sentence for First Degree murder (See Offender Profile, attached as Exhibit One of Defendants' Motion for Summary Judgment). In his Complaint, Plaintiff alleges that cumulative changes in Michigan's law regarding commutation proceedings have violated his rights under the Ex

---

[1] Plaintiff is still incarcerated at the Macomb Correctional Facility.

Post Facto Clause of the federal constitution.  He claims that changes in the law and state policy have resulted in a lower chance of receiving commutation.

Defendants filed a Motion for Summary Judgment on December 26, 2008, based upon a failure to state a claim upon which relief can be granted. Defendants argue that only the Governor of Michigan, not the Parole Board, has the authority to commute Plaintiff's mandatory life sentence. Since the Governor was not named as a party defendant, the Parole Board members maintain that the instant complaint should be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff filed a response to Defendants' Motion for Summary Judgment on January 28, 2009, reiterating that his rights under the Ex Post Facto Clause of the federal constitution had been violated.

As Defendants correctly point out, the Michigan Parole Board does not have authority to commute Plaintiff's mandatory non-parolable life sentence for First Degree Murder.  That authority resides exclusively with the Governor of Michigan. People v. Erwin, 212 Mich App 55, 63 (1995).  Since Plaintiff seeks a commutation hearing, the failure to name the Governor as a party defendant requires dismissal for failure to state a claim for which relief can be granted.

Even if Plaintiff was allowed to amend his pleading to add the Governor, the Complaint would still be subject to dismissal.  An ex post facto law is one which punishes previously innocent conduct, increases punishment after commission of the crime, or deprives a defendant of a defense available at the time the crime was committed.  Collins v. Youngblood, 497 U.S. 37 (1990). Plaintiff was sentenced to a non-parolable life sentence following his conviction for First Degree murder.  Therefore, his actual sentence has not been increased by any alleged change in Michigan law or state policy.

Finally, Plaintiff seeks injunctive and declaratory relief in the form of an "order creating a special parole board to review his commutation application." Such request can either be interpreted as one for release on parole, or an application for unconditional release. In either case, Plaintiff clearly seeks freedom from prison. A civil rights complaint, however, is an improper means for attacking the length of incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus. The Preiser court stated that the writ was the "exclusive remedy" for attacking the validity of state confinement. Id. at 489.

Before a state prisoner is entitled to habeas review, however, he must exhaust his available state remedies by "fairly presenting" the substance of each federal constitutional claim[2] to the state appellate courts before raising them again in a petition for habeas corpus. Picard v. Connor, 404 U.S. 270, 277-278 (1971). A prisoner challenging a Michigan conviction is required to raise each issue in both the Michigan Court of Appeals and Supreme Court before seeking relief in federal court. Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973); Hafley v. Sowders, 902 F.2d 480 (6th Cir. 1990). Accordingly, Defendants' Motion for Summary Judgment should be granted as Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. Given this recommendation, Plaintiff's Motion for Reassignment of Case (Docket #18) should also be denied.

---

[2] A writ of habeas corpus is available to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Ludington's acceptance thereof is waived.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: February 25, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 25, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 25, 2009: **Henry Reed.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217