UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HENRY REED,

        Plaintiff,

                                                          Case Number 08-14380

v.                                                    Honorable Thomas L. Ludington

BARBARA SAMPSON, *Chairperson*
*Michigan State Parole Board*, *et al.*,

        Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION, SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING COMPLAINT WITH PREJUDICE, AND DENYING PLAINTIFF'S MOTION FOR REASSIGNMENT**

On October 15, 2008, Plaintiff Harry Reed filed a complaint, alleging that post-conviction changes to commutation procedures violated his *ex post facto* rights pursuant to 42 U.S.C. § 1983. On February 25, 2009, Magistrate Judge Donald A. Scheer issued a report and recommendation that Defendants' motion for summary judgment be granted because Plaintiff was challenging the constitutionality of his confinement and he must proceed with a petition for writ of habeas corpus. Plaintiff timely objected. While the Court disagrees with the magistrate judge's reasoning, the Court will **ADOPT** the recommendation to **GRANT** Defendants' motion for summary judgment for an alternative reason. The Court will also **DENY** Plaintiff's motion for reassignment.

A

According to the complaint, Plaintiff was sentenced to serve a mandatory non-parolable life sentence for first degree murder and other related felonies in 1973. Plaintiff alleges members of the parole board are violating his rights because they are not making a recommendation to the Governor regarding commutation. Plaintiff asserts that at the time of his conviction the "Guideline for

Commutation Recommendation Policy Directive" ("PD-DWA-45.12") established procedures for determining eligibility for commuting a non-parolable sentence. In 1992, however, the parole board rescinded PD-DWA-45.12, which Plaintiff contends would have lead to his release in 2000. Rather, he remains incarcerated and the parole board has yet to make a recommendation – positive or negative – to the governor. Plaintiff's complaint seeks declaratory and monetary relief pursuant to 42 U.S.C. § 1983 for violating his rights under the *Ex Post Facto* Clause of the United States Constitution.

On December 26, 2008, Defendants moved for summary judgment. Dkt. # 20. Defendants emphasize that the Governor, and not the parole board, is the final decisionmaker with respect to commutation. Moreover, Defendants argue that the record indicates that commutations have increased over the past 30 years and Plaintiff can not establish a negative effect resulting from a change in law or policy of the parole board. Lastly, Defendants contend that Plaintiff has not applied for commutation and that a 2006 review of Plaintiff's file convinced the parole board that commutation was inappropriate based on a variety of factors.

B

Plaintiff's pleadings indicate that there are two general classes of related cases pending before this Court. First, a group of Michigan prisoners serving life sentences with the possibility of parole initiated a class action, alleging that the parole board was not applying parole procedures. *See Foster Bey v. Rubitschun*, 05-71318, 2007 U.S. Dist. LEXIS 95748 (E.D. Mich. October 23, 2007) and *Lynch-Bey v. Caruso*, 05-72378, U.S. Dist. LEXIS 14889 (E.D. Mich. February 28, 2008). In *Foster Bey*, Judge Marianne O. Battani certified a class action and entered a declaratory judgment in favor of the plaintiffs requiring the parole board to follow parole policies.

Plaintiff contends that his case should be reassigned to Judge Battani and consolidated with

*Foster Bey*. Dkt. # 18. The Court disagrees with Plaintiff. Companion cases have "substantially similar evidence" or "arise out of the same transaction or occurrence." E.D. Mich. LR 83.11(b)(7)(A). The class in *Foster Bey* includes "[a]ll parolable lifers in the custody of the Michigan Department of Corrections who committed crimes (for which they received a parolable life sentence) before October 1, 1992." 2007 U.S. Dist. LEXIS 95748 at * 5. Here, Plaintiff acknowledges that he is serving a mandatory life sentence without the possibility of parole and is challenging commutation procedures, not parole procedures. Dkt. # 26 at 3. These distinctions indicate that Plaintiff's circumstance is distinct from the class in *Foster Bey* and reassignment or consolidation is inappropriate.

Plaintiff also refers to two other complaints pending before this Court that are "identical." Dkt. # 23 at 10 n.5 (citing *Smith v. Simpson*, 08-14002 (Battani, J.) and *Lewis-El v. Simpson*, 08-15060, (Steeh, J.)). Indeed, the plaintiffs in each of those cases are serving mandatory life sentences without the possibility of parole and advance the same legal theory as in the present case. Despite the similarity, reassignment is not warranted in this situation. The other complaints have received attention from Judges Battani and Steeh, respectively. Based on the present posture of this case, judicial economy is not served by reassigning the case. Thus, the Court will deny Plaintiff's motion for reassignment.

C

Turning to the substantive issue addressed in the report and recommendation, the magistrate judge concluded that Plaintiff must proceed by petition for a writ of habeas corpus because he was challenging the constitutionality of his confinement. Dkt. # 24 at 3 (citing *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)). While that proposition is generally applicable, a prisoner that challenges parole or commutation procedures when not seeking immediate release is appropriately framed as

a claim under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007) (challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence); *see also Woodard v. Ohio Adult Parole Auth.*, 107 F.3d 1178, 1187 (6th Cir. 1997), *rev'd on other grounds*, 523 U.S. 272 (1998) (claim challenging constitutionality of a state's clemency or commutation proceeding is not a basis for habeas relief, but as a civil rights action, because it does not challenge the validity of a prisoner's confinement); *see also Otev v. Hopkins*, 5 F.3d 1125 (8th Cir. 1993). Here, the Court agrees with Plaintiff's objection and his claim was properly brought under 42 U.S.C. § 1983. Thus, the Court will sustain Plaintiff's objection in part.

Notwithstanding that conclusion, Plaintiff has not stated a claim under 42 U.S.C. § 1983 for an *ex post facto* violation. The Court is persuaded by Judge Steeh's well-reasoned analysis when addressing this issue in the "identical" complaint in *Lewis-El*, which was as follows:

> Article 1, § 10 of the United States Constitution prohibits states from passing *ex post facto* laws. In *Collins v. Youngblood*, 497 U.S. 37, 41 (1990), the United States Supreme Court indicated that the Ex Post Facto Clause of the U.S. Constitution incorporated " a term of art with an established meaning at the time of the framing of the Constitution." In connection with this interpretation, the Supreme Court held that the *Ex Post Facto* Clause targets laws that "retroactively alter the definition of crimes or increase the punishment for the criminal act." *Collins*, 497 U.S. at 43 (citing to *Calder v. Bull*, 3 U.S. (Dall.) 386, 391-392 (1798)(Chase, J.); *Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925)). To fall within the *ex post facto* prohibition, a law must be retrospective, i.e.; "it must apply to events occurring before its enactment" and it "must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). However, the focus of the *Ex Post Facto* Clause "is not on whether a legislative change produces some ambiguous sort of 'disadvantage'", nor on whether the amendment would affect a prisoner's "opportunity to take advantage of provisions for early release", as is alleged here, but on whether the change in the law "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Cal. Dep't. of Corr. v. Morales*, 514 U.S. 499, 506, n. 3 (1995).
>
> The presence of discretion given to parole boards in determining whether to parole an inmate does not displace the protections afforded by the *Ex Post Facto* Clause. *See Garner v. Jones*, 529 U.S. 244, 253 (2000). However, to the extent there inheres

in *ex post facto* doctrine some idea of actual or constructive notice to the criminal before commission of the offense of the penalty for the crime, "[w]here parole is concerned discretion, by its very definition, is subject to changes in the manner in which it is informed and then exercised. The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience. New insights into the accuracy of predictions about the offense and the risk of recidivism consequent upon the offender's release, along with a complex of other factors, will inform parole decisions." *Id.*

In the present case, the rescission of PD-DWA-45.12 does not violate the *Ex Post Facto* Clause. Internal operating memoranda and policy directives of the Michigan Parole Board and the Michigan Department of Corrections for determining parole eligibility are not laws subject to the *Ex Post Facto* Clause, "because they are merely flexible guideposts" that assist the parole board in exercising its discretion as to whether to grant parole to an inmate. *See Shabazz v. Gabry*, 123 F. 3d 909, 915 (6th Cir. 1997)(citing *Ruip v. United States*, 555 F.2d 1331, 1335 (6th Cir. 1977)). "[F]urthermore, the policies behind the *Ex Post Facto* Clause do not support the position that internal policy directives and memoranda should be construed as laws. The *Ex Post Facto* Clause exists to protect citizens from retroactive increases in punishment. Changes in the administration and enforcement of statutes have little impact on these public expectations." *Id.* at 916. Neither a change in the body vested with granting parole nor a change in the manifestation of this discretionary power, which itself remains unchanged, violates the provision of the *Ex Post Facto* Clause. *See Bailey v. Gardebring*, 940 F. 2d 1150, 1156 (8th Cir. 1991). The *Ex Post Facto* Clause is also not violated merely because a parole board "takes a more jaundiced view of applications for parole," even though the inmate's sentence may end up being longer or harsher than he had hoped for when he committed the crime. *See Prater v. U.S. Parole Com'n*, 802 F. 2d 948, 952 (7th Cir. 1986).

Moreover, even if a change in parole procedures might conceivably violate the *Ex Post Facto* Clause, retroactive changes in policies regarding the commutation of non-parolable life sentences does not violate the *Ex Post Facto* Clause. *See Snodgrass v. Robinson*, 512 F. 3d 999, 1002 (8th Cir. 2008). This is because most parole procedures "are distinct from the highly personal, policy oriented, and legislatively unchecked authority" of Michigan's governor to grant sentence commutations. *Id.* "The unpredictability of a wholly discretionary grant of commutation" in Michigan precludes plaintiff from demonstrating that any changes in M.D.O.C. policy regarding commutations raise a "significant risk" that he will be denied a commutation he otherwise would have received. As such, plaintiff cannot demonstrate there is a significant risk his punishment will be longer than it would have been when PD-DWA-45.12 was in place. Accordingly, he cannot make out an *ex post facto* claim. Id. at 1002-03; *See also Vertin v. Gabry*, 70 F.3d 116 (Table), 1995 WL 613692 (6th Cir. October 18, 2005)(rejecting *ex post facto* challenge involving the rescinding of Michigan's commutation guideline PD-DWA-45.12).

*Lewis-El v. Simpson*, 08-15060, dkt. # 4 (E.D. Mich. December 16, 2008); *see also* Opinion and

Order Denying Motion for Reconsideration, 08-15060, 2008 U.S. Dist. LEXIS 4061(E.D. Mich. January 21, 2009). Ultimately, the Court is persuaded that Plaintiff's allegations that parole board has altered commutation procedures in violation of the *Ex Post Facto* Clause does not state a claim upon which relief can be granted. Consequently, Plaintiff's complaint should be dismissed with prejudice and judgment entered in favor of Defendants.

D

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 24] is **ADOPTED** in part and **REJECTED** in part. Plaintiff's objection [Dkt. # 26] is **SUSTAINED** in part and **OVERRULED** in part.

It is further **ORDERED** that Defendants' motion for summary judgment [Dkt. # 20] is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for reassignment is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 14, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS